IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CHARLES SMITH, #424503,           *

    Petitioner,                *

v.                               Case No.: GJH-16-3805

                         *

RICKY FOXWELL,

                         *

    Respondent.               *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

On or about October 11, 2016, Charles Smith, an inmate detained at the Brockbridge

Correctional Facility in Jessup, Maryland, filed a Petition for Writ of Habeas Corpus in the

United States District Court for the District of Columbia. ECF No. 1. Holding himself out as a

Moorish-American National, Smith seeks assistance from a "Republican form of Government" to

obtain his immediate release from unlawful imprisonment. *Id.* at 2. He contends that his case

arises out of the "Treaty of Peace and Friendship of 1787 / 1836" between Morocco and the

United States of America, the Constitution, the United States Declaration of the Rights of

Indigenous Peoples, the "Clearfield Doctrine,"[1] and the Inter-American Commission on Human

Rights. *Id.* at 2–5.  On November 7, 2016, United States District Judge Richard J. Leon ordered

---

[1] In raising this claim Smith invokes the "Clearfield Trust Doctrine," which refers to the rule describing the federal courts' power to make federal common law when there is a federal lawmaking power to do so and a strong federal interest in a nationally uniform rule. The name is derived from the case *Clearfield Trust Co. v. United States*, 318 U.S. 363 (U.S. 1943) wherein the criteria for determining whether the court should create a federal common law rule due to the existence of a significantly important federal interest was described.

the case transferred to this District, finding that the case could not be reviewed in the District of Columbia, as Smith's Writ challenged his current confinement in Maryland. ECF No. 5; *Smith v. Foxwell*, 16-cv-02042-RJL (D.D.C. Nov. 8, 2016). The matter was ordered transferred to this Court on November 8, 2016 and was received on November 29, 2016. *Id.*

This Writ represents the ninth federal habeas corpus action filed by or on behalf of Smith in the past two years. In his prior Petitions, Smith raised claims related to his Moorish-American ancestry and the jurisdiction of state authorities to prosecute him. Until Smith's most recent two Petitions, each Petition was summarily dismissed without prejudice. *See Smith-Bey v. Wolfe*, 2015 WL 7721815, GJH-15-3448 (D. Md. Nov. 30, 2015); *Smith-Bey v. Wolfe*, GJH-15-1915 (D. Md. July 8, 2015); *Smith-Bey v. Wolfe*, GJH-15-1654 (D. Md. June 17, 2015); *Smith-Bey v. Wolfe*, GJH-15-1336 (D. Md. May 29, 2015); *Smith-Bey v. Wolfe*, GJH-15-764 (D. Md. Apr. 24, 2015); and *Smith-Bey v. Wolfe*, GJH-15-1067 (D. Md. Apr. 22, 2015). In *Smith-Bey v. Wolfe*, GJH-15-1915, the Court cautioned that any further Petitions by Smith raising a challenge to his conviction on grounds of his Moorish-American defense would be decided on the merits. *Id.* at ECF No. 3. Nonetheless, Smith raised similar challenges in Petitions instituted as *Smith-Bey v. Wolfe*, GJH-15-2606 (D. Md. Oct. 6, 2015) and *Smith-Bey v. Warden of Jessup Correctional Institution (Inc.)*, GJH-16-665 (D. Md. Mar. 28, 2016). Those Petitions were denied and dismissed with prejudice on October 7, 2015 and March 28, 2016.

In the present Petition, Smith attacks his March 27, 2014 "violation of probation" conviction and five-year sentence imposed in the Circuit Court for Charles County.[2] ECF No. 1.

---

[2] The state court docket shows that Smith was represented by counsel in his criminal proceeding. After a jury trial

2

Affording his self-represented Writ a generous construction, it appears that Smith is claiming that as a "sovereign autonomous Moorish-American National Moslem of the Moroccan Empire/Moorish Nation," he is a descendant of Moroccans and is not a "corporate citizen." Smith contends that he is being held unlawfully, in involuntary servitude, and restrained in violation of the Constitution and the aforementioned Treaty between Morocco and the United States. Smith further claims that he is being detained under a fictitious name and "denationalized" by "assimilating" him as a stateless person under the name of "CHARLES SMITH, ID 424503, Black/African-American race." ECF No. 1 at 5–6.

Smith additionally alleges that he was arrested without a warrant and "arbitrarily searched, detained and held as prize of the STATE OF MARYLAND (Inc.) compelled to sign several misrepresented instruments – bills of attainder under threat, duress, and coercion, and compelled to pay a ransom in Federal Reserve Notes (private commercial paper) for his release." *Id.* at 6. Smith next contends that an administrative officer in the Circuit Court for Charles County issued a void bill of attainder against him, which caused him to be imprisoned for five years. *Id.* at 7. Smith complains that Circuit Court personnel have failed to respond to his Affidavits, and he continues to be held against his will at various local and State correctional facilities.[3] ECF No. 1 at 6–10.

---

before Judge Robert C. Nalley, Charles Arnell Smith was convicted of second-degree physical child abuse in the Circuit Court for Charles County, Maryland. On March 27, 2014, he was sentenced to a five-year term. *State v. Smith*, Case Number 08K1000792 (Circuit Court for Charles County). On July 1, 2015, the Court of Special Appeals of Maryland denied Smith-Bey's application for leave to appeal. *See* Maryland Judiciary Case Search Results http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=08K10000792&loc=64&detailLoc=K (last visited December 1, 2016). The docket further shows that a "writ of habeas corpus ad subjiciendum" was filed on or about March 14, 2016, and remains pending.

[3] Attached to the Writ are copies of the "Affidavits" Smith submitted to the Circuit Court for Charles County, Maryland. ECF No. 1-1.

3

28 U.S.C. § 2254 requires "a person in custody pursuant to the judgment of a State court [to demonstrate] . . . that he is in custody in violation of the Constitution." § 2254(a). Although previously warned by this Court that only constitutional claims would be subject to review, Smith has failed to set out colorable claims in support of his challenge to his 2014 Maryland conviction and current confinement. Thus, habeas corpus relief will be denied.

When a district court dismisses a habeas petition, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Smith does not satisfy this standard, and the Court declines to issue a certificate of appealability.

For the foregoing reasons, Smith's Petition for Writ of Habeas Corpus, ECF No. 1, shall be denied and dismissed with prejudice. A separate Order follows.

Date: December **27**, 2016

George J. Hazel
United States District Judge

4